FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 23 PM 3: 32

CLERK C Reynaldo
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HAROLD SATIZABAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 305-118 |
| ) | |
| MICHAEL PUGH, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, has filed an action under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Petitioner argues, relying upon White v. Scibana, 314 F. Supp.2d 834, 838 (W.D. Wis. 2004), that the Federal Bureau of Prisons ("BOP") has improperly calculated his good conduct time ("GCT") pursuant to 18 U.S.C. § 3624(b), thereby depriving him of the possibility to earn a maximum of fifty-four (54) days of GCT for each of the years he has been sentenced to serve. The Court directed Respondent to respond to the petition. (Doc. no. 2). Respondent opposes the petition on the ground that the Eleventh Circuit recently rejected Petitioner's position in Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005) (*per curiam*). (See doc. no. 6). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

Petitioner is a federal prisoner convicted of a drug offense. (Petition, p. 2). He was sentenced on May 13, 1994 to a term of 189 months of imprisonment. (Id.). The basis for Petitioner's § 2241 petition is his contention § 3624(b)(1) requires that his GCT be calculated based on the time he has been sentenced to serve rather than - as the BOP calculates GCT - based on the time he actually serves.

Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

> **(b) Credit toward service of sentence for satisfactory behavior.--**
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). The BOP has promulgated a regulation concerning the proper method for calculating GCT time under this statute which states, "[p]ursuant to 18 U.S.C. § 3624(b). . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served." 28 C.F.R. § 523.20.

## II. ANALYSIS

First, the district court decision from Wisconsin upon which Petitioner bases his argument has been overturned and is no longer good law. See White v. Scibana, 390 F.3d

2

997, 1002-03 (7th Cir. 2004), *cert. denied*, White v. Hobart, --U.S.--, 125 S. Ct. 2921 (June 13, 2005). More importantly, the Eleventh Circuit has recently decided that although the statutory language of § 3624(b)(1) is ambiguous, "the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed."[1] Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*). In reaching its decision, the Eleventh Circuit followed the decisions of five other circuits that reached the same conclusion. Id. (citing Perez-Olivio v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (*per curiam*); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); White, 390 F.3d at 1002-03; Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001)). Accordingly, Petitioner is clearly not entitled to the relief he seeks in the form of the recalculation of his GCT.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 28th day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] The Eleventh Circuit also decided that the rule of lenity is inapplicable because the BOP's interpretation is reasonable. Brown, 416 F.3d at 1273.

3